**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV07-726 PHX-DGC (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

Petitioner Victor O. Dema has filed a document titled "Notice of Change of Judge for Bias and Prejudice as Well as for Cause and For Recusal of the Currently Assigned Judge from the Action." Dkt. #15. Respondents have filed a response. Dkt. #16. No reply has been filed.

Petitioner asks the Court to recuse under 28 U.S.C. § 455. Section 455(a) provides that a United States judge "shall disqualify" himself in any proceeding in which his "impartiality might reasonably be questioned." Section 455(b)(1) provides that a judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an extra-judicial source, not from conduct or rulings during the course of the proceedings. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir. 1987), *aff'd*, 496 U.S. 543 (1990 ); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias

or partiality motion." *Liteky v. United States*, 114 S.Ct. 1147, 1157 (1994).  Further, where the judge forms opinions, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Petitioner argues that the Court displayed bias in its order of November 15, 2007, when it directed Respondents to answer the amended petition within 40 days of the date of service and stated that Respondents must not file dispositive motions in place of an answer, but stated that Respondents "may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity." Dkt. #6 at 3.  Petitioner contends that the Court also displayed bias when it warned Petitioner that he must file a notice of change of address, must serve Respondents with copies of any documents filed, and must timely comply with all provisions of the order.  *Id.*

The Court's order of November 15, 2007 does not satisfy the recusal requirements of 28 U.S.C. § 455.  The order is a standard case management order entered by the Phoenix Division of this Court in virtually all *pro se* habeas cases.  The order does not reflect personal bias or prejudice against Petitioner, nor does it provide a basis on which the impartiality of this Court might reasonably be questioned.

**IT IS ORDERED** that Petitioner's motion for recusal (Dkt. #15) is **denied**.

DATED this 26th day of March, 2008.

_____
David G. Campbell
United States District Judge

- 2 -