**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV-07-0726-PHX-DGC |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

*Pro se* Petitioner Victor O. Dema has filed an Amended Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254. Dkt. #4. United States Magistrate Judge Lawrence O. Anderson prepared a Report and Recommendation ("R&R") recommending that the petition be denied. Dkt. #105. The Court will adopt the R&R and deny the petition.

**I.     Background.**

Petitioner was charged on November 6, 2003 with two misdemeanor domestic violence offenses – assault and disorderly conduct. Dkt. #11, Ex. A; *see* A.R.S. §§ 13-1203(A)(1), 2904(A)(1). Petitioner was convicted of both charges. Dkt. #11, Ex. C, Ex. T at 2. Petitioner filed a notice of appeal on June 24, 2004 with the Arizona Superior Court, Maricopa County. Dkt. #11, Ex. D. The court affirmed his conviction on July 4, 2005 (Dkt. #11, Ex. G) and denied his motion for rehearing on August 24, 2005 (Dkt. #11, Ex. J). Petitioner's sentence was reimposed on October 31, 2005 (Dkt. #11, Ex. R at 2).

Petitioner filed a petition for removal of his state criminal prosecution to this Court (Dkt. #1 (No. 06-CR-00503-PHX-EHC)), which was denied as untimely on July 13, 2006 (Dkt. #11, Ex. M). He also filed a civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 against the City of Mesa and several police officers in this Court, an action the Court dismissed on October 1, 2007. Dkt. #1 (No. 05-CV-3435-PHX-EHC).

Petitioner filed this Petition for Writ of Habeas Corpus on April 9, 2007, raising 36 separate grounds for relief. Dkt. #4 at 22-68. Judge Anderson's R&R recommends that the petition be denied because Grounds 1-23 and 25-36 are untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Ground 24 fails on the merits, and all grounds alternatively are procedurally defaulted. Dkt. #20 at 24. Petitioner responded by filing a notice of objections. Dkt. #21 at 1-2.

## II. Legal Standard.

Petitioner appears to ask that the Court review his entire petition *de novo*.[1] Rule 72(b) provides that the district judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which *specific written objection* has been made." Fed. R. Civ. P. 72(b) (emphasis added). Congress likewise has required district courts to conduct *de novo* review only of "those portions of the [magistrate's] report . . . to which objection is made." 28 U.S.C. §636(b)(1). An obvious purpose of these provisions is judicial economy – to permit magistrate judges to hear and resolve matters not objectionable to the parties. *Thomas v. Arn*, 474 U.S. 140, 147-152 (1985). This efficiency would be lost if parties were permitted to invoke wholesale *de novo* review merely by requesting it. Because complete *de novo* review defeats the efficiencies intended by Congress, circuit courts rightly hold that general objections to an R&R are tantamount to no objection at all. *See Goney v. Clark*, 749 F.2d 5, 7 (3rd Cir. 1984) (stating that word-for-word review of magistrate's report due to general objections would undermine judicial efficiency); *Howard v. Secretary of Health and*

---

[1] Petitioner, in fact, asks the court to "construe this notice of objection as an alternative motion for reconsideration and to review the Amended petition and reply brief to state's response in light of the facts alleged in the state court proceedings." Dkt. #21 at 12.

*Human Services*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effect as would a failure to object."). The Court accordingly will undertake *de novo* review only of those portions of the R&R to which specific objections have been made. *See Thomas*, 474 U.S. at 149.

**III.    Analysis.**

    **A.    *Pro Se* Status.**

Petitioner "strongly objects to this court construing His pleadings in all strictness of standards and in ways more likely to have Him denied of relief through the writ of habeas corpus in further violation of his constitutional rights." Dkt. #21 at 12. *Haines v. Kerner*, 404 U.S. 519 (1972), requires that *pro se* complaints be held to a "less stringent standard than formal pleadings drafted by lawyers." *Id.* at 520-521. This more lenient standard, however, applies only to the form of a motion and not to its merits. *See, e.g., Tatum v. Christensen*, 786 F.2d 959, 963 n.4 (9th Cir. 1986) (deciding *pro se* defendant's writ of habeas corpus on the merits, even though it was unclear whether the form should have been a writ of mandamus) (*overruled on other grounds by Wallace v. Christensen*, 802 F.2d 1539 (9th Cir. 1986)). The Court has no reason to believe that Judge Anderson did not properly follow this standard, and Petitioner cites no specific examples to that effect. The Court also notes that Petitioner is not an inexperienced *pro se* litigant. Petitioner has filed at least eight cases in this court in the last three years. *See* CV05-2561, CV05-3435, CV06-2190, CV06-3034, CV07-100, CV07-216, CV07-473, CV08-900.

    **B.    Statute of Limitations.**

Petitioner claims that, contrary to the R&R, his habeas corpus petition was filed "well within" the applicable statute of limitations. Dkt. #21 at 1. The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(d)(1). Although the AEDPA gives four potential dates for when the one year period begins to run, the R&R concluded, and Petitioner does not contest, that only the first applies in this case: "the date on which the judgment became final by the conclusion of direct review or the

1 expiration of the time for seeking such review." 28 U.S.C. §2254(d)(1)(A); Dkt. #20 at 9-10,
2 *see* Dkt. #21. For purposes of section 2254, "judgment" refers "to the judgment of
3 conviction and sentence," and "direct review" is the "direct appellate review of that
4 judgment." *Redd v. McGrath*, 343 F.3d 1077, 1081 (9th Cir. 2003). Judgments become final
5 when either the United States Supreme Court affirms a conviction on the merits, denies a
6 petition for certiorari, or when the time for certiorari expires. *Hemmerle v. Schiro*, 495 F.3d
7 1069, 1074 (9th Cir. 2007) (citing *Clay v. United States*, 537 U.S. 522, 531 (2003)).

8 Petitioner does not dispute the R&R's conclusion that the latest date on which his
9 conviction could have become final was October 31, 2005 (when his sentence was
10 reimposed), and that unless tolled, the statute of limitations would expire on November 1,
11 2006. Dkt. #20 at 9; Dkt. #21. Because his petition for habeas corpus was filed on April 9,
12 2007 (Dkt #4), it is time barred unless the one year period was somehow tolled. Petitioner
13 asserts that the statute of limitations was tolled for two reasons.

14 Petitioner first claims that he has a pending case before this Court, and apparently
15 argues that the statute of limitations for his habeas corpus petition is therefore tolled.[2]
16 Dkt. #21 at 1-2. Petitioner filed a petition for removal of his state court criminal case on
17 May 18, 2006. Dkt. #1 (No. 06-CR-00503-PHX-EHC). On September 13, 2006, he filed
18 a Motion for Appointment of Counsel (Dkt. #9 (No. 06-CR-00503-PHX-EHC)), and in his
19 September 29, 2006 reply he requested that the Court convert his removal petition into a
20 Petition for Writ of Habeas Corpus. Dkt. #11 (No. 06-CR-00503-PHX-EHC). Petitioner
21 contends that the Court has not yet ruled on his motion or his request for conversion.

22 Petitioner's assertion fails for three reasons. First, the case to which Petitioner refers
23 was dismissed on July 13, 2006, and all pending motions were denied. Dkt. #11, Ex. M.
24 Because his motion for appointment of counsel was filed after the case was dismissed and
25 closed, it is moot. Second, Petitioner fails to cite any authority suggesting that a court may

---

27 [2] Although Petitioner does not specifically state that this case tolls the statute of
28 limitations, the Court infers this argument from his objections. *See Haines*, 404 U.S. at 520-521.

- 4 -

1 convert a criminal petition for removal into a civil writ of habeas corpus. Third, even if the
2 case were open and the Court could covert the petition for removal into one for habeas
3 corpus, federal cases do not toll the statute of limitations for habeas petitions under the
4 AEDPA. The one year period is tolled during the time that a "properly filed application for
5 *State* post-conviction or other collateral review with respect to the pertinent judgment or
6 claim is pending." 28 U.S.C. § 2254(d)(2) (emphasis added); *see Duncan v. Walker,* 533
7 U.S. 167, 173 (2001) (holding that applications for federal review do not toll the limitations
8 period for habeas petitions under the AEDPA). Thus, Petitioner's removal action does not
9 toll the statute of limitations for his petition for habeas corpus.

10 Petitioner's second argument for tolling is that his federal civil rights case, filed on
11 November 7, 2005, should have been converted into a petition for writ of habeas corpus.
12 Dkt. #21 at 2-3. Although case law suggests that a district court may treat a section 1983
13 action as a habeas petition in certain circumstances, *see Trimble v. City of Santa Rosa*, 49
14 F.3d 583, 586 (9th Cir. 1995), this authority applies only when the civil rights claim reflects
15 a "clear intention to state a habeas claim." *Id.* Petitioner has not explained how his section
16 1983 claim – which sought money damages not only for events related to his arrest for the
17 underlying state charge, but also for other events of alleged police harassment – was clearly
18 intended to seek habeas relief. Petitioner does not assert that he ever used the civil rights
19 claim to seek relief from his state criminal conviction. The Court therefore cannot conclude
20 that the civil rights case somehow tolled the statute of limitations.

21 Because Petitioner filed his petition for habeas corpus over five months after the
22 statute of limitations had run, the Court agrees with Judge Andersen that the petition is time
23 barred under the AEDPA.[3]

24 **IT IS ORDERED**:

25 1. The R & R (Dkt. #20) is **adopted**.

26

27
28 [3] The Court also agrees with Judge Anderson's conclusion that Ground 24 of the Petition lacks merit. *See* Dkt. #20 at 10-11; 28 U.S.C. § 1446(c)(3).

- 5 -

1  2. Petitioner's Amended Petition for Writ of Habeas Corpus by Person in State Custody (Dkt. #4) is **denied**.

3. The clerk is directed to **terminate** this action.

DATED this 24th day of July, 2008.

_____
David G. Campbell
United States District Judge