**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor O. Dema, | No. CV07-726 PHX-DGC (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

*Pro se* Petitioner Victor O. Dema has filed a motion seeking reconsideration (Dkt. #24) of the Court's July 25, 2008 order denying his amended petition for writ of habeas corpus (Dkt. #22). The Court will deny the motion.

**I.    Legal Standard.**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence; (2) material factual events have occurred since the Court's initial decision; (3) there has been a material change in the law since the Court's initial decision; or (4) the moving party makes a convincing showing that

1 the Court failed to consider material facts that were presented to the Court at the time of its
2 initial decision. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586
3 (D. Ariz. 2003). Petitioner's motion fails to satisfy any of these limited circumstances.

**II.     Discussion.**

The petition presses 36 separate claims for relief which allege, among other things, conspiracy by state officials, abuse of process, denial of counsel, ineffective assistance of counsel, and due process violations. *See* Dkt. #4. Magistrate Judge Lawrence O. Anderson issued a report and recommendation ("R&R") in which he recommended that the Court deny the petition because the claims for relief were untimely or, in the alternative, procedurally defaulted. Dkt. #20 at 24. The Court agreed with Judge Anderson's conclusion that the habeas petition was untimely (with the exception of claim 24, which failed on the merits) and therefore accepted the R&R without reaching the procedural default alternative holding. Dkt. #22 at 3-5.

The bulk of Petitioner's motion for reconsideration discusses the application of the procedural default doctrine. *See* Dkt. #24 at 2-13. To the extent Petitioner challenges whether the petition was barred by procedural default or whether the Court should entertain the petition even if it was procedurally defaulted, these arguments fail because the Court's order was not based on procedural default. *See* Dkt. #22.

The motion also attempts to relitigate aspects of the state courts' decisions, including the sufficiency of evidence to support his conviction, the ineffectiveness of his counsel, the denial of appellate counsel, and his right to a jury trial. *See* Dkt. #24. These are not new issues. They were presented to Judge Anderson and not raised before this Court by specific objections.

With respect to the timeliness of the petition, the Court will not revisit Petitioner's contention that his § 1983 action should be converted into a habeas petition because the Court has considered and rejected that argument. *See Barker v. Hertz Corp.*, No. 07-554, 2008 WL 2705152, at *2 (D. Ariz. June 26, 2008) ("a motion for reconsideration may not be used to re-litigate old matters"). Petitioner also asserts that "[n]ewly discovered evidence"

may toll the one-year statute of limitations provided for by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Dkt. #24 at 13. Petitioner ostensibly refers to "[n]ewly discovered medical evidence revealed in the postconviction relief petition[.]" *Id.* at 7 (emphasis removed); *see id.* at 8-9 (same). Petitioner does not show, however, that he could not previously have known of this allegedly new evidence through the exercise of reasonable diligence. *Motorola, Inc.*, 215 F.R.D. at 586.

**III.    Other Matters.**

Petitioner requests the appointment of counsel for his appeal. Dkt. #24 at 2. "Clearly, there is no constitutional right to counsel on [federal] habeas." *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir.1993). The Court does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331(internal quotes and citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel" under section 1915(e)(1). *Id.*

Having considered both factors, the Court finds that Petitioner has not demonstrated a likelihood of success on the merits or that any difficulty he is experiencing in attempting to litigate his case is due to the complexity of the issues involved. Moreover, as the Court previously noted, Petitioner is not an inexperienced *pro se* litigant. *See* Dkt. #22 at 3. This case does not present "exceptional circumstances" requiring the appointment of counsel.

Finally, Petitioner seeks a Certificate of Appealability ("COA"). Dkt. #24 at 2. In order to obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is denied on procedural grounds, a COA must be issued where a petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district

court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The Court concludes that jurists of reason would not find debatable the Court's ruling that Petitioner's habeas petition is untimely.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #24) is **denied**.

DATED this 19th day of August, 2008.

_____
David G. Campbell
United States District Judge